IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LARRY M. DERR JR.

5425 Columbia Rd., Apt. 437

Columbia, MD 21044

Plaintiff,

Civil Action No. SAG 25 CV 2197

SIMRAN RAHI, ESQ.

7226 Lee Deforest Drive, Suite 101

Columbia, MD 21046

PORTNER & SHURE, P.A.

7226 Lee Deforest Drive, Suite 101

Columbia, MD 21046

Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

(42 U.S.C. §§ 1983, 1985, FOURTEENTH AMENDMENT – DUE PROCESS, EQUAL PROTECTION, RACIAL DISCRIMINATION, FRAUD UPON THE COURT, AND CONSPIRACY)

## I. INTRODUCTION

1. This is a civil rights action for damages and declaratory relief under 42 U.S.C. §§ 1983 and 1985 for violations of Plaintiff's Fourteenth Amendment rights, including due process, equal protection, and meaningful access to the courts.

2. The complaint arises from a conspiracy between Plaintiff's former attorney, Simran Rahi, and Annapolis Police Officer B. Ko, to suppress critical testimony and obstruct justice,

resulting in the denial of a fair trial and permanent prejudice to Plaintiff's legal claims.

3. Defendants acted under color of law by conspiring with a sworn police officer, and are therefore liable under 42 U.S.C. § 1983.

4. The United States Supreme Court has held that a private individual who conspires with a state actor is deemed a state actor for purposes of § 1983 liability. See Dennis v. Sparks, 449 U.S. 24, 27–28 (1980) ("Private persons jointly engaged with state officials in the challenged action are acting 'under color' of law."); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (a private party is liable under § 1983 when acting in concert with state actors).

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper under 28 U.S.C. § 1391(b), as the events occurred in Maryland and all parties reside in the state.

## III. PARTIES

7. Plaintiff Larry M. Derr Jr. is a Black American citizen of Maryland, residing in Columbia, Maryland.

8. Defendant Simran Rahi is an attorney licensed in Maryland who, at all relevant times, was employed by Defendant Portner & Shure, P.A.

9. Defendant Portner & Shure, P.A. is a Maryland professional association and law firm vicariously liable for the actions of its agent, Simran Rahi.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff retained Rahi to represent him in a civil personal injury case where trial was set for 02-02-2023 and 02-03-2023.

11. Plaintiff repeatedly requested that Officer B. Ko be subpoenaed for trial testimony, and that a negligent entrustment claim be pursued against co-defendant Garry Jacoby's father. Rahi failed to do either.

12. Plaintiff has emails confirming that he asked Rahi to present key evidence and was assured it would be handled.

13. On or about two days before trial, Defendant Rahi served Officer B. Ko with a valid subpoena for his appearance. However, during or immediately following the service of that subpoena, Rahi simultaneously instructed Officer Ko not to appear in court for the scheduled hearing, despite knowing he was a material witness. This act of intentional interference directly sabotaged Plaintiff's ability to present critical evidence. Officer Ko later confirmed this under oath during a sworn deposition on June 16, 2025, testifying that he disobeyed the subpoena only because Plaintiff's own attorney told him not to appear.

14. This instruction constituted a conspiracy to suppress evidence, deprive Plaintiff of due process, and obstruct justice.

15. Plaintiff was unaware of this misconduct until the 2025 deposition.

16. Rahi's actions caused Plaintiff's case to be tainted, resulting in a reduced judgment and permanent prejudice.

17. White co-defendants received more favorable treatment, as Plaintiff was denied the ability to fully prosecute his case.

18. Rahi also withheld majority of the evidence photos, presented manipulated, cropped photographic evidence or materially altering exhibits relied upon by the court and withheld all of the plaintiffs loss wages evidence, surgery bills, and criminal evidence against the defendant. These actions were not disclosed to Plaintiff until after judgment.

19. Rahi listed Garry Jacoby's father as a co-defendant but intentionally failed to file the corresponding negligent entrustment claim, denying Plaintiff the opportunity to pursue full liability or punitive damages against both defendants.

## SYSTEMIC IRREGULARITY: EXPERT WITNESS BLOCKADE

20. Plaintiff previously filed a legal malpractice lawsuit against Defendant Rahi. Despite diligent and repeated efforts, Plaintiff was unable to secure the required expert certification due to his pro se status. Over a dozen expert witnesses—including

individuals referred through the bar association—refused to provide assistance or allow Plaintiff to retain their services.

21. While the case remained open, Plaintiff located a D.C.-based expert who agreed to testify. Plaintiff filed a motion for reconsideration identifying this expert. The court denied the motion and entered summary judgment.

22. Later, during a deposition in a related proceeding, Officer Ko testified that he had been instructed by Defendant Rahi not to appear in court despite a valid subpoena.

23. This confirmed a broader scheme to suppress evidence and defraud the court.

## V. CLAIMS FOR RELIEF

COUNT I – VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)

24. Defendants, acting in concert with a state actor, deprived Plaintiff of his right to a fair trial by suppressing subpoenaed testimony and tampering with trial evidence.

25. The concerted action between Rahi, a private attorney, and Officer Ko, a state official, constitutes state action under Dennis v. Sparks, 449 U.S. 24 (1980), and Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

COUNT II – CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)

26. Defendants conspired with Officer Ko to obstruct justice, deny Plaintiff access to a fair hearing, and injure him in his civil proceedings.

27. The conspiracy involved coordinated suppression of subpoenaed testimony and factual concealment from the court.

COUNT III – FRAUD UPON THE COURT

28. Rahi's instruction to a subpoenaed officer not to appear, and her tampering with evidence, constitute deliberate fraud upon the court.

29. Relief is warranted under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), which holds that judgments obtained by fraud upon the court may be vacated regardless of finality.

COUNT IV – EQUAL PROTECTION VIOLATION (42 U.S.C. § 1983)

30. The Plaintiff was treated differently than white litigants in similar circumstances. Rahi's omissions and sabotage disproportionately harmed Plaintiff.

COUNT V – RACIAL DISCRIMINATION (INTENTIONAL DISPARATE TREATMENT)

31. Defendants' actions demonstrate intentional disparate treatment based on Plaintiff's race. No similar misconduct occurred in cases involving white clients.

COUNT VI – OBSTRUCTION OF JUSTICE / NEGLIGENT ENTRUSTMENT SABOTAGE

32. Rahi's failure to pursue the negligent entrustment claim—despite identifying the liable party—constituted a knowing act of sabotage against Plaintiff's legal rights.

COUNT VII – EVIDENCE TAMPERING, ILLEGAL SUPPRESSION OF EVIDENCE, AND EXHIBIT MANIPULATION

33. Rahi intentionally altered or failed to disclose unaltered more damaging versions of key photographic evidence that supported Plaintiff's case, including but not limited to the deliberate withholding of evidence relating to Plaintiff's lost wages, future earning capacity, and surgical expenses.

34. This evidence tampering and illegal suppression of critical trial exhibits contributed to a tainted record and materially misled the court and jury, resulting in a fundamentally unfair trial and permanent prejudice to Plaintiff's claims.

## VI. TOLLING AND NEWLY DISCOVERED EVIDENCE

35. Plaintiff could not have reasonably discovered the extent of Defendants' misconduct until Officer Ko's sworn deposition in June 2025.

36. Under Maryland law and federal equitable doctrines, the statute of limitations is tolled until the discovery of the underlying fraud and conspiracy.

37. This case is timely and appropriate under both 42 U.S.C. § 1983 and Rule 60(d) for fraud upon the court.

## VII. DAMAGES

38. Plaintiff suffered irreparable harm, including the loss of valid claims, emotional distress, reputational damage, and ongoing violation of constitutional rights.

39. Plaintiff demands judgment in the amount of $30 million, allocated as:

    - $15 million in compensatory damages
    - $15 million in punitive damages

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor;

B. Award compensatory and punitive damages;

C. Declare that Defendants violated Plaintiff's constitutional rights;

D. Grant such other relief as the Court deems just and proper

Respectfully submitted,

/s/ Larry M. Derr Jr.

Larry M. Derr Jr.

5425 Columbia Rd., Apt. 437

Columbia, MD 21044

Dated: July 7, 2025