## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LARRY M. DERR, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-2197 |
| SIMRAN RAHI, ESQ., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Larry M. Derr Jr., who is self-represented, filed this lawsuit in this Court against Simran Rahi, Esq. and Portner & Shure, P.A. (collectively "Defendants"), asserting claims relating to Defendants' prior representation of Plaintiff in an auto tort proceeding in state court. ECF 1. Defendants filed a motion to dismiss Plaintiff's complaint, ECF 8. Plaintiff filed an opposition, ECF 10, and no reply has been filed. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED and Plaintiff's complaint will be dismissed without prejudice.

### I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint. ECF 1. Plaintiff retained Defendants to represent him in a personal injury case set for trial in state court in February, 2023. ECF 1 ¶ 10; *Larry Derr v. Ryan Jakoby, et al.*, Case No. C-02-CV-21-000256 (Anne Arundel Cir. Ct., Feb. 2023) ("the Auto Tort Case"). Plaintiff asked his lawyers to subpoena Officer B. Ko, an Annapolis Police Officer, for trial testimony. *Id.* ¶¶ 2, 11. Defendant Rahi issued a subpoena for Officer Ko, but simultaneously instructed Officer Ko not to appear in court. *Id.* ¶ 13. Officer Ko "disobeyed the subpoena only because Plaintiff's own attorney told him not to appear." *Id.* Plaintiff

asserts that "White co-defendants received more favorable treatment, as Plaintiff was denied the ability to fully prosecute his case."[1] *Id.* ¶ 17.

Although Plaintiff's Complaint is not a model of clarity, it appears to assert three federal claims: Count 1 (violation of due process/42 U.S.C. § 1983); Count II (conspiracy to violate civil rights/42 U.S.C. § 1985); and Counts IV/V (asserting an equal protection violation/42 U.S.C. § 1983 and racial discrimination, without citing an applicable federal statute or law). Each is addressed below.

## II.    LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

---

[1]    Plaintiff's Complaint includes myriad other grievances about Defendants' representation of him at trial. Any such claims are barred by *res judicata* because Plaintiff already pursued, unsuccessfully, a case for legal malpractice against these same defendants relating to their representation in the Auto Tort Case. *See Larry Derr v. Portner & Shure, PA, et al.,* Case No. C-02-CV-23-000547 (Anne Arundel Cir. Ct.) ("the Malpractice Case"). This Court takes judicial notice that, in that matter, Defendants' motion for summary judgment was granted and that ruling has been affirmed in Maryland's appellate courts.

Defendants' argument that this entire case is barred by *res judicata,* however, is unpersuasive because of Plaintiff's assertion that he just learned, in June, 2025, that Rahi instructed Officer Ko not to comply with the valid subpoena issued in the Auto Tort Case. The "conspiracy" allegations derived from that instruction are arguably new and could not have been brought in the original malpractice case. *See Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) ("[R]es judicata will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction and could have been brought in the earlier action.") (quoting *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 162 (4th Cir. 2008)). This Court will therefore address the federal claims relating to that new allegation on the merits.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v.*

*City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.    ANALYSIS

Plaintiff pursues two of his claims pursuant to 42 U.S.C. § 1983. That statute allows a plaintiff to file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also, e.g.*, *Filarsky v. Delia*, 566 U.S. 377, 383 (2012); *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (citations and internal quotation marks omitted).

Plaintiff alleges that he has pleaded "state action" by asserting a conspiracy and joint action between Defendants and a sworn Annapolis police officer. He cites cases such as *Dennis v. Sparks*, 449 U.S. 24 (1980), which found state action where private attorneys bribed a judge to make certain rulings, and *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970), where the Court found a genuine issue of material fact regarding whether a restaurant owner conspired with a policeman to

deny service to a white woman accompanied by her six Black students, where she was then arrested by the police for vagrancy upon exiting the restaurant. Plaintiff also cites *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), where a private entity used state officials to execute a lien on private property and the Court found that the private action was aided by state officials.

The instant case is readily distinguishable from the cases Plaintiff cites. In each of those cases, the alleged violation of rights stemmed from state-dominated activity: the judge's decisions, the arrest by police officers, and the execution of the lien by police officers. Here, Plaintiff has not pleaded facts plausibly showing state-dominated activity by the private attorney and private law firm he has sued. He alleged that the attorney issued a subpoena for a police officer in the Auto Tort Case and simultaneously instructed the officer to disregard the subpoena. The officer obeyed the instruction not to appear, but that mere acquiescence with the attorney's trial strategy is insufficient to transform the private action by the attorney and law firm into action under color of state law. In his capacity as a subpoena recipient, the officer was in the same position as any civilian trial witness, subject to the strategic decisions made by the attorney trying the case. Even had the officer appeared at the trial of the Auto Tort Case, he could not have testified unless the attorney called him to the stand. It cannot reasonably be said, then, that the state "dominated such activity as to convert it to state action." Plaintiff's §1983 claims must be dismissed.

Plaintiff's § 1985 claim, alleging a conspiracy, is similarly deficient. The relevant statutory provision applies, in relevant part, where[2]:

> [T]wo or more persons in any State or Territory conspire . . . for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . .

---

[2] The other provisions of § 1985 refer to deterring witnesses from testifying via "force, intimidation, or threat." Plaintiff's Complaint alleges no such conduct.

"[T]he law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (quoting *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989)). Section 1985 claims fail "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (citing *Gooden v. Howard Cnty.*, 954 F.2d 960, 969–70 (4th Cir.1992) (holding that "courts have . . . required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss")). The required intent is that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

In other words, § 1985 requires Plaintiff to have pleaded conspiracy and to have pleaded shared intent, by two or more persons, to deny him equal protection under the laws. He has pleaded neither, stating only that Rahi instructed Ko not to appear in court and that Ko obeyed the instruction (thereby disobeying the subpoena). See ECF 1 ¶ 13 ("Rahi simultaneously instructed Officer Ko not to appear in court for the scheduled hearing, despite knowing he was a material witness); *id.* ("Officer Ko later confirmed this under oath . . . testifying that he disobeyed the subpoena only because Plaintiff's own attorney told him not to appear."). Plaintiff alleges no facts supporting a conspiracy or agreement, just an instruction from an attorney who had issued a subpoena and a witness who obeyed the instruction. And there are certainly no factual allegations suggesting that either Rahi or Ko acted because of Plaintiff's race, with intent to deprive Plaintiff of the equal protection of the laws. His § 1985 claim therefore must be dismissed.

Finally, Plaintiff asserts an unspecified claim for racial discrimination. At various points in the Complaint, he makes conclusory reference to having received different treatment from

"White co-defendants," ECF 1 ¶ 17, "white litigants in similar circumstances," *id.* ¶ 30, and "white clients," *id.* ¶ 31. His Complaint is devoid of any facts, however, showing that he received treatment different from that afforded to similarly situated white persons.[3] Such conclusory allegations, without supporting facts, do not meet the standard required by *Twombly* to state a plausible race discrimination claim. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (determining that repeated allegations of discriminatory treatment, without supporting facts, constituted "'naked' allegations" and "a 'formulaic recitation' of the necessary elements" that could not survive a motion to dismiss) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff has also asserted a number of state law claims, some of which do not appear to align with Maryland common law causes of action. *See* ECF 1 at Counts III, VI, and VII. To the extent they do, because all of the federal causes of action have been dismissed, this Court declines to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the

---

[3] In Plaintiff's opposition, ECF 10, he provides some additional explanation regarding his discrimination claims, which seem to rest on the fact that the persons he sued for damages from the auto tort, Garry and Ryan Jakoby, "were never compelled to testify or disclose damaging evidence, despite comparable or greater liability." ECF 10 at 3. This Court cannot formally consider those allegations, because they are not contained in the Complaint and a party cannot amend its Complaint through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"). Even if they could be considered, however, Plaintiff cannot establish that he was similarly situated in the Auto Tort litigation to the persons he sued, and his allegations would be barred by *res judicata* as they do not pertain to the newly discovered information: the instruction to Officer Ko not to appear for trial. Plaintiff offers no allegations regarding how the instruction to Officer Ko constituted race discrimination.

values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. This litigation is at its earliest stages, and Maryland state courts are best equipped to litigate state common law issues.

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 8, is granted. Plaintiff's federal claims are dismissed without prejudice, and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, allowing him to refile them in state court. This case will be closed. A separate Order follows.

Dated: December 3, 2025                           _____/s/_____

Stephanie A. Gallagher
United States District Judge