IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LARRY M. DERR, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-2197 |
| SIMRAN RAHI, ESQ., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending is a motion, ECF 18, filed by Simran Rahi, Esq. and Portner & Shure, P.A. (collectively "Defendants") to dismiss the Amended Complaint filed by self-represented Plaintiff Larry M. Derr, Jr. ("Plaintiff"), ECF 17. Plaintiff has opposed the motion to dismiss, ECF 20, and filed a supplement to his opposition, ECF 21. No reply has been filed. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion to dismiss will be GRANTED and Plaintiff's federal claims will be dismissed with prejudice. This Court will again decline to exercise jurisdiction over Plaintiff's state law claims.

## I.    FACTUAL BACKGROUND

This Court dismissed the federal claims asserted in Plaintiff's original Complaint on December 3, 2025 and declined to exercise jurisdiction over Plaintiff's state law claims. ECF 12, 13. This Court incorporates its prior opinion here by reference. Plaintiff subsequently filed his Amended Complaint, ECF 17, from which the following facts are derived and assumed to be true for purposes of this motion. Plaintiff retained Defendants to represent him in a personal injury case set for trial in state court in February, 2023. ECF 17 ¶¶ 32, 38; *Larry Derr v. Ryan Jakoby, et al.*,

Case No. C-02-CV-21-000256 (Anne Arundel Cnty. Cir. Ct., Feb. 2023) ("the Auto Tort Case"). Plaintiff repeatedly asked his lawyer, Defendant Rahi, to subpoena Officer B. Ko, an Annapolis Police Officer, for trial testimony. *Id.* ¶ 35. Defendant Rahi issued a subpoena for Officer Ko, but simultaneously instructed Officer Ko not to appear in court. *Id.* ¶¶ 38–41. Officer Ko "disobeyed the subpoena because Plaintiff's own attorney told him he 'would not be needed.'" *Id.* ¶ 42. Plaintiff emailed Officer Ko before the trial to "warn[]" him that the subpoena remained legally binding. *Id.* ¶¶ 51–52. Officer Ko initiated additional contact with Defendant Rahi who again advised that he need not appear. *Id.* ¶¶ 53–54. Defendant Rahi simultaneously told Plaintiff that Officer Ko would appear and testify. *Id.* ¶ 80. Defendant Rahi also mishandled the presentation of evidence in Plaintiff's case, which led to a reduced verdict. *Id.* ¶¶ 95–100.

Plaintiff asserts "racial discrimination and disparate treatment" in that "he, as a Black litigant, was treated less favorably than white opposing parties in the underlying proceedings." *Id.* ¶¶ 108–111. Specifically, he asserts that he had to disclose damaging background information while "white opposing parties" did not have to, and that the withholding of evidence "benefitted white adversaries." *Id.*

The Amended Complaint asserts six federal claims – three alleging constitutional violations pursuant to 42 U.S.C. § 1983, one alleging a conspiracy to violate civil rights in violation of 42 U.S.C. § 1985, one alleging "neglect to prevent conspiracy" in violation of 42 U.S.C. § 1986 against Defendant Portner & Shure, and one alleging a claim for "equitable relief for fraud upon the Court (Federal Common Law – Hazel-Atlas Doctrine)." Each category of claim is addressed below.

## II.    LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the

3

elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8,

2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.    ANALYSIS

The federal claims in the Amended Complaint remain deficient for largely the same reasons as this Court explained in its earlier opinion. 42 U.S.C. § 1983 allows a plaintiff to file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also, e.g.*, *Filarsky v. Delia*, 566 U.S. 377, 383 (2012); *see also Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action:

Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (citations and internal quotation marks omitted).

Plaintiff again rests his assertions of "state action" on Officer Ko's role as a sworn Annapolis police officer and his failure to abide by his police department's subpoena policy. But as this Court reasoned in its earlier opinion, the conduct at issue here is the action of the private attorney and private law firm Plaintiff has sued – their instruction to Officer Ko not to abide by the subpoena. Civil attorneys are entitled to subpoena witnesses and to make a decision whether any witness will testify at trial. Officer Ko's decision to obey the attorney and disregard the contradictory request from the attorney's client does not transform the choices made by the attorney and law firm into "action under color of state law." As this Court reasoned in its original opinion:

> In his capacity as a subpoena recipient, the officer was in the same position as any civilian trial witness, subject to the strategic decisions made by the attorney trying the case. Even had the officer appeared at the trial of the Auto Tort Case, he could not have testified unless the attorney called him to the stand. It cannot reasonably be said, then, that the state "dominated such activity as to convert it to state action."

ECF 12 at 6. For those same reasons, then, Plaintiff's three §1983 claims in his Amended Complaint must be dismissed.

Plaintiff's § 1985 claim, alleging a conspiracy, and 1986 claim, asserting a failure to prevent a § 1985 conspiracy, are also deficient because Plaintiff has not established the required intent – race-based or class-based discriminatory animus. The relevant portion of § 1985 provides that there is a violation where:

> [T]wo or more persons in any State or Territory conspire . . . for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . .

"[T]he law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (quoting *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989)). Section 1985 claims fail "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Id.* (citing *Gooden v. Howard County*, 954 F.2d 960, 969–70 (4th Cir. 1992) (holding that "courts have . . . required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss")). The required intent is that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Despite his new allegations, Plaintiff still has not asserted racial or other class-based animus. Certainly, he alleges no instances of racial comments or other overt discrimination. His only suggestion of race-based conduct is inequitable introduction of evidence and that Defendants' conduct protected "white opposing parties from fuller liability exposure." ECF 17 ¶ 166. In litigation, plaintiffs, who have the burden of proof, often have different discovery obligations than defendants. And different attorneys approach discovery differently. The fact that one party (particularly the one with the burden of proof) may have had to undergo closer scrutiny in discovery (or at trial) does not plausibly suggest discrimination, and the fact that the party that received an arguably more favorable result than another party in litigation is of a different race also does not plausibly suggest discrimination. Section 1985 (and, by extension, § 1986) requires Plaintiff to have pleaded facts suggesting shared intent, by two or more persons, to deny him equal protection under the laws. Because he has not done so, both his § 1985 claim and his § 1986 claim must be dismissed.

Finally, Plaintiff asserts a claim for "equitable relief for fraud upon the Court (Federal Common Law – Hazel-Atlas Doctrine)." That claim asks this Court to award "equitable and monetary relief consistent with the fraud-upon-the-court doctrine." ECF 17 ¶ 183. His heading appears to refer to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), a case involving a federal court's authority to vacate its own judgment where it finds fraud to have been perpetrated. *Hazel-Atlas* does not provide a basis for this Court's intervention into a state court trial. That claim must also be dismissed for failure to state a claim.

Because Plaintiff has now had two opportunities to state a viable federal claim and has not done so, this Court will dismiss Plaintiff's federal claims with prejudice. Plaintiff has also asserted state law claims in Counts VII–IX. Because all of the federal causes of action have been dismissed, this Court declines to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. This litigation is at its earliest stages, and Maryland state courts are best equipped to litigate state common law issues.

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 18, is granted. Plaintiff's federal claims are dismissed with prejudice, and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, allowing him to refile them in state court. This case will be closed. A separate Order follows.

Dated: July 1, 2026                                    /s/
                                            Stephanie A. Gallagher
                                            United States District Judge